Judge Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WILLIAM ALI,<br><br>Defendant. | NO. CR16-142TSZ<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits its sentencing memorandum regarding William Ali.

## SENTENCING RECOMMENDATION

Pursuant to the terms of the plea agreement, the government recommends that the Court sentence Ali to twenty-four months of imprisonment. Ali is expected to be removed from the United States after sentencing, and there is no reason to believe he will return. (The instant offense was the first and only time Ali traveled to the United States). Thus, the government recommends no term of supervised release. Ali does not have the ability to pay a fine; a $100 special assessment is mandatory and thus should be imposed.

**SENTENCING GUIDELINES**

There is no dispute that the base offense level is 26 under section 2M5.2(a)(1). The government strongly believes that there should be a two-point addition to the Guidelines for obstruction of justice under section 3C1.1. A witness testifying under oath or affirmation is eligible for an obstruction of justice enhancement "if []he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *see also United States v. Johnson*, 812 F.3d 757, 762 (9th Cir. 2016). Ali lied under oath at his trial. He falsely told the jury that he came to the United States as part of an elaborate plot to "dupe" Michael, the individual in China, by giving him fake parts. He said that he was going to confirm that the parts were indeed fake before departing the United States, and that he therefore had no intent to smuggle any export-controlled items from the country. Ali's testimony was plainly false, and completely at odds with the various emails and recorded statements that were presented at trial.

Probation agrees that Ali's testimony was false, and otherwise eligible for the enhancement, but declined to apply the enhancement on the ground that "this sentencing will involve a virtual 're-winding' or 'un-doing' of the trial." PSR ¶ 32. On the contrary, the defendant's success on his motion for a new trial does not grant him immunity from his conduct at trial. Indeed, the court is free to consider *all* conduct in fashioning a sentencing, including conduct that occurred after the rejection of the plea agreement. *Lafler v. Cooper*, 566 U.S. at 171-72; *see also United States v. Slane,* No. CIV. A. 14-938, 2015 WL 728481, at *27 (W.D. Pa. Feb. 19, 2015) ("Accordingly, as described in *Lafler*, at any hypothetical resentencing hearing, the Court would consider all of Defendant's behavior including her unwillingness to plead guilty, repeated denials of culpability and numerous instances where she testified falsely.").

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The following hypothetical shows the error in Probation's position. A fraud target who has not yet been formally charged is represented by counsel. Counsel negotiates with the government, and no plea deal is reached. The target then shreds some incriminating documents. The target is formally charged for the fraudulent conduct and convicted. The target could hardly escape the obstruction of justice enhancement by arguing that had his counsel done a better job negotiating the case, he would not have shredded the documents.

In sum, the Court should calculate the Guidelines as follows:

| | |
|---|---|
| Base | 26 |
| Obstruction | +2 |
| Acceptance of Responsibility | -3 |
| Total | 25 |

Ali has no known criminal history, and thus his range should be 57-71 months.

## SECTION 3553 ANALYSIS

The following factors support the government's recommendation of 24 months:

First, the Court should take into account the fact that this case implicates conduct that is broader than Ali. Specifically, a significant sentence is necessary to deter others from simply taking Ali's place and resuming his efforts to acquire restricted parts. There is a long history of individuals in China tasking people to acquire parts from the United States that are barred from export to China. *See, e.g., United States v. Wei et al.*, CR08-10386 (D. Mass.) (defendants sentenced to 97 and 36 months for exporting military electronics components and other sensitive electronic equipment to China); *United States v. Tsu*, CR09-117 (C.D. Cal.) (defendant sentenced to 40 months imprisonment for exporting radar circuit equipment to China); *United States v. Chang*, 10-1157 (C.D. Cal.) (defendants charged with conspiracy to illegally export sensitive electronics equipment to China).

Second, the Court should consider the fact of how little Ali cared about the consequences of his actions. During trial, the government introduced a recorded conversation between Ali and the undercover agent that occurred on October 13, 2015. During the call, the undercover told Ali that the products he was seeking were designed for spacecraft and missile use. In response, Ali laughed, and indicated that he had researched the products. He then proceeded with the deal, with the goal of acquiring these items for the Chinese.

Third, the Court should recognize the fact that the undercover officer gave Ali numerous opportunities to back out of the proposed deal. As the Court heard at the trial, the undercover officer repeatedly reminded Ali that their proposed plan was illegal, and confirmed that Ali wanted to proceed anyway, making clear that the undercover was willing to walk away from the deal. Ali nonetheless persisted with the deal, hoping to make money.

Fourth, the Court should take into account Ali's perjury and his repeated claims that he was suffering at the hands of law enforcement misconduct. For example, on February 3, 2017, well after the trial had concluded, Ali wrote to his wife:

> [T]hese people are just bullies and thats what they're trying to do is to bully me into pleading guilty so they can save their faces about how poorly they investigated and their lack of skills, cos I outwitted them uncovering their existence and still coming here to face them and set the record straight. So they dont want that, they want to show to the world that they are world class agents and good at their jobs and always getting results. So don't worry ok. We will get through all the hurdles they're placing before us. They cannot hide their lies forever . . . .

He encouraged his wife in October 2016 to contact the Innocence Project, noting "So could you look them up and see if my case would be something they would be willing to look at and expose the government's lack of trust and their acts of deceits and manipulation?" Although Ali has now pleaded guilty and publicly accepted responsibility for his conduct, there are lingering concerns over whether Ali has accepted

the fact that he is in the spot solely because of his own conduct, and not some government conspiracy. As he wrote his wife about two weeks ago:

> I was watching Law & Order last night, remember, my favorite program. Anyway, this particular episode, the two agents the guy & gal get tangled with the Feds. They're trying to solve a rape case that winds into a person of interest who is under the Feds protective custody. To cut the story short, they end up pissing the Fed agent and she decides to wage war on them making them "a person of interest in an investigation" subpoena their records etc etc turn their life upside down & make their lives a misery... anyway, they're like angry & in disbelief that all this is happening, then the state prosecutor comes in and she says to them "the US attorneys are given a lot of leeway and the burden of innocense is left upon the defendants"
>
> *So the Feds can make a case anyway and however way they feel & wish & the burden of innocense is laid upon the defendant, so like a system of guilty until proven innocent.*

(Emphasis added). To the extent his comment about the burden of proof reflects his belief about his situation, it is totally misplaced.

Finally, the Court should account for sentences imposed in three similar cases:

*United States v. Yang*, 11-94TSZ. In that case, the defendant purchased certain parts from an undercover agent that are used in satellites. He intended to smuggle the parts to China. The Court sentenced Yang to 18 months. *Id.* Dkt. 47.

*United States v. Chin*, 14-043JCC. Chin attempted to smuggle to China some of the same parts that are at issue in this case. Chin pleaded guilty prior to trial. The government recommended 30 months of imprisonment, and the Court imposed 24 months.

*United States v. Wu.*, 14-306RAJ. Wu also attempted to smuggle some of the same parts to China that are at issue in this case. Wu pleaded guilty prior to trial. The government recommended 24 months of imprisonment, and the Court imposed 18 months.

//

# **CONCLUSION**

For the foregoing reasons, the government's recommendation is 24 months of imprisonment with no term of supervision to follow.

DATED: July 20, 2017

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/ Thomas Woods*
THOMAS WOODS
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970

Government's Sentencing Memorandum (United States v. Ali, CR16-142TSZ) - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on July 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

 s/ Thomas M. Woods
THOMAS M. WOODS
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax:   (206) 553-0755
E-mail: thomas.woods2@usdoj.gov